UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUTHER DAWSON, JR.,<br><br>                              Movant,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>                              Respondent. | Case No.:  22MC-262(BLM)<br><br>**ORDER DENYING MOVANT'S MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE TO INSPECTOR GENERAL SUBPOENA**<br><br>**[ECF NO. 1]** |

Currently before the Court is Movant's February 18, 2022 Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 [ECF No. 1 ("Mot.")], Respondent's March 18, 2022 opposition to the motion [ECF No. 4 ("Oppo.")], and Respondent's March 24, 2022 Affidavit in Support of Opposition to Motion for Order Pursuant to Customer Challenge to Inspector General Subpoena [ECF No. 7-1 ("Affidavit")].  For the reasons set forth below, Movant's motion is **DENIED**.

## BACKGROUND

Luther Dawson Jr., who is proceeding *pro se*, seeks to quash a United States Department of Veteran's Affairs, Office of Inspector General ("VAOIG") subpoena directed to Navy Federal Credit Union seeking Mr. Dawson's financial records.  See Mot. and Oppo.

///

1

22MC262-BLM

## LEGAL STANDARD

Under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401 et seq. (1978), a financial institution may disclose a customer's financial records if such records are properly requested by a governmental authority via an administrative summons or judicial subpoena. 12 U.S.C. § 3402(2) & (4). If the customer objects to the disclosure of his financial records, he must file a motion to quash the summons or subpoena and timely serve the government entity with the motion. 12 U.S.C. § 3410(a). The motion must contain an affidavit or sworn statement confirming that the applicant is a customer of the financial institution and "stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of [chapter 35 of title 12]." 12 U.S.C. § 3410(a)(1-2). If the Court orders the government authority to reply to the motion to quash, the government authority must file a sworn response. Id. at 3410(b). In ruling on the motion, the court relies on the parties' sworn statements and any additional proceedings the court finds appropriate. Id. The RFPA directs the court to deny the motion if either the applicant is not the customer whose financial records are being requested or there is not a "demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." Id. at 3410(c); see also O'Brien v. United States Securities and Exchange Comm'n, 2013 WL 12147588, at *2 (C.D. Cal., Dec. 11, 2013) (citing Rodriguez v. Fed. Sav. and Loan Ins. Corp., 712 F. Supp. 159, 162 (N.D. Cal.1989). "The ultimate burden of showing that the records sought are relevant to a legitimate law enforcement inquiry is on the government." Federal Trade Comm'n v. Noland, 2020 WL 7264593, at *1 (D. Ariz., Dec. 10, 2020) (quoting Neuhaus v. SEC, 2007 WL 1322340, *3 (E.D. Cal. 2007) (internal quotation marks omitted)). "For purposes of an administrative subpoena, the notion of relevancy is a broad one." Id. at *2. An administrative agency with statutory authority to engage in investigative and accusatory duties may "investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." O'Brien, 2013 WL 12147588, at *2 (quoting U.S. v. Morton Salt Co., 338 U.S. 632, 642–43, 70 S. Ct. 357, 94 L .Ed. 401

(1950)).

## DISCUSSION

On February 9, 2022, the VAOIG sent a Customer Notice to Movant informing him that it intended to subpoena his financial records from Navy Federal Credit Union. Mot. at 1. Movant timely moved to quash the subpoena on February 18, 2022. Mot.; see also Affidavit at ¶ 1, 12 U.S.C. § 3410(a) (requiring a motion to quash an administrative subpoena or summons to be filed within ten days of service or fourteen days of mailing). In his sworn statement, Movant confirms that he presently is a customer of Navy Federal Credit Union and is the customer whose records are being requested by the VAOIG. Id. at 4-5. Movant argues that the financial records sought by the VAOIG are not relevant to the legitimate law enforcement inquiry sent to him because (1) he did not authorize access to the accounts and (2) "there is no qualified search warrant or appropriate admin summons or judicial subpoena." Id. at 5. Movant further argues that his accounts are protected by the RFPA Act of 1978 and the Fourth Amendment and that Respondent lacks probable cause for accessing his accounts. Id. at 6.

The Court must determine whether (1) Movant is the customer whose financial records are being requested, (2) the law enforcement inquiry is legitimate, (3) the records sought are relevant to the law enforcement inquiry, and (4) the VAOIG complied with the RFPA. 12 U.S.C. §3410(c); O'Brien, 2013 WL 12147588, at *2. The first prong of this test is satisfied because Movant admits in his sworn statement that he is a customer of Navy Federal Credit Union and is the holder of the bank account in question. Mot. at 4-5.

The next question is whether the VAOIG's law enforcement inquiry is legitimate. The RFPA defines a law enforcement inquiry as "a lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, any criminal or civil statute or any regulation, rule, or order issued pursuant thereto." 12 U.S.C. § 3401(8). In this case, the inquiry is lawful because the Inspector General Act of 1978, as amended, authorizes the Office of the Inspector General

> (2) to make such investigations and reports relating to the administration of the programs and operations of the applicable establishment as are, in the judgment

>     of the Inspector General, necessary or desirable;
>
> (3) to request such information or assistance as may be necessary for carrying out the duties and responsibilities provided by this Act from any Federal, State, or local governmental agency or unit thereof;
>
> (4) to require by subpoena the production of all information, documents, reports, answers, records, accounts, papers, and other data in any medium (including electronically stored information), as well as any tangible thing and documentary evidence necessary in the performance of the functions assigned by this Act, which subpoena, in the case of contumacy or refusal to obey, shall be enforceable by order of any appropriate United States district court: Provided, That procedures other than subpoenas shall be used by the Inspector General to obtain documents and information from Federal agencies;

5 U.S.C.A. § APP. 3 § 6(a)(2-4) (West).  Because Movant "is a current recipient of a number of financial and health care benefits from the United States Department of Veteran's Affairs as a qualified veteran of the U.S. armed forces" [see Affidavit at ¶ 2] and the instant investigation relates to "Movant's receipt of financial payments from the Department of Veteran's Affairs," [see Oppo at. 2] the Court finds that the investigation is within the Department of Veteran's Affairs' statutory authority to investigate potential violations of their programs.

Next the Court finds that the subpoenaed records are relevant to the law enforcement inquiry. The burden rests with the VAOIG to show relevancy. Federal Trade Comm'n, 2020 WL 7264593, at *1.  Here, Movant does not contest the relevancy of his account to the VAOIG investigation. Mot.  Instead, Movant merely argues that he has not given permission for the VAOIG to access his accounts. Id.  Respondent contends that the subpoenaed records are relevant to the Office of Inspector General's "investigation into Movant's claims and receipt of benefits from the U.S. Department of Veteran's Affairs." Oppo. at 6.  The Court finds this is sufficient to satisfy the low bar for relevancy under the RFPA. See Tabet v. U.S. S.E.C., 2012 WL 3205581, at *2 (S.D. Cal., Aug. 6, 2012) (quoting Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd., 878 F.2d 875, 882 (5th Cir. 1989) ("For purposes of an administrative subpoena, the notion of relevancy is a broad one" and subpoenaed information is relevant if it

1  "touches a matter under investigation.") and (citing United States v. Wilson, 571 F. Supp. 1417,
2  142 (S.D.N.Y.1983) ("the RFPA requires only that financial information be relevant to a
3  'legitimate law enforcement inquiry,' and not relevant in a narrow, evidentiary sense.")).
4       Finally, Movant does not argue that Respondent failed to comply with the RFPA, and the
5  Court does not find that Respondent failed to comply with the RFPA.

## **CONCLUSION**

For the reasons set forth above, the Court **DENIES** Movant's Motion to Quash.

**IT IS SO ORDERED**.

Dated: 3/24/2022

Hon. Barbara L. Major
United States Magistrate Judge